IN THE SUPREME COURT OF NORTH CAROLINA

No. 140PA23

Filed 18 October 2024

CHAD GARDNER, LISA GARDNER, LONNIE NORTON, HOPE NORTON, THE TOWN OF DOBBINS HEIGHTS, and THE CITY OF HAMLET

v.

RICHMOND COUNTY

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, No. COA21-600 (N.C. Ct. App. May 2, 2023), dismissing the appeal as interlocutory. Heard in the Supreme Court on 24 September 2024.

*The Brough Law Firm, PLLC, by Brady N. Herman and T.C. Morphis Jr., for plaintiff-appellant Town of Dobbins Heights.*

*McGuireWoods LLP, by Henry L. Kitchin Jr. and Dylan M. Bensinger, for defendant-appellee.*

*No brief for plaintiff-appellees Chad Gardner, Lisa Gardner, Lonnie Norton, Hope Norton, and City of Hamlet.*

PER CURIAM.

Defendant Richmond County filed a motion to dismiss the claims of plaintiffs Town of Dobbins Heights (the Town) and City of Hamlet based on a lack of standing. The trial court entered an order granting the motion as to the Town but denied it as to the other municipality. The Town appealed to the Court of Appeals.

Generally, a party has no right to an immediate appeal of an interlocutory

order. In its brief to the Court of Appeals, the Town argued that it should be allowed to pursue an immediate appeal because otherwise "there would be the possibility of two trials (one for the remaining Plaintiffs and one for [the Town] if the Court [of Appeals] were to find that it has standing through a subsequent appeal)" and "[t]wo trials on the same issue would raise the possibility of inconsistent verdicts." *Gardner v. Richmond County*, No. COA21-600, slip op. at 4 (N.C. Ct. App. May 2, 2023) (unpublished). The Town further argued that the Court of Appeals had recognized the right to an immediate appeal in similar circumstances in *Creek Pointe Homeowner's Ass'n, Inc. v. Happ*, 146 N.C. App. 159 (2001). *Id.*

The Court of Appeals dismissed the Town's appeal, reasoning that the Town had "failed to demonstrate a substantial right that would be impacted by th[e] [c]ourt's failure to immediately hear its appeal." *Gardner*, slip op. at 6. According to the Court of Appeals, the Town had "simply cite[d] *Creek Pointe* and essentially assert[ed] [that] the holding in *Creek Pointe* require[d] immediate review of [the Town's] appeal without analysis." *Id.* at 5.

Our review of the Town's brief to the Court of Appeals reveals that the Town did more than baldly assert a right of immediate appeal under *Creek Pointe*. On the contrary, the statement of appellate review in the Town's brief adequately explained why the particular facts of this case satisfy the substantial rights test based on the holding in *Creek Pointe*. *See Creek Pointe*, 146 N.C. App. at 162. Since we agree that the Town articulated a sufficient factual basis to support appellate jurisdiction under

*Creek Pointe*, we hold that the Court of Appeals erred in dismissing the Town's appeal. *See In re Civ. Penalty*, 324 N.C. 373, 384 (1989) (holding that when "a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court").

The decision of the Court of Appeals is reversed. On remand, the Court of Appeals should address the parties' competing arguments regarding the issue of standing.

REVERSED AND REMANDED.